Filed 3/23/26  Estate of Alder CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| Estate of PETER ALDERS, Deceased. | |
| YOUNG HEE LEE,<br><br>　　　Petitioner and Appellant,<br><br>v.<br><br>MARCUS ALDERS,<br><br>　　　Objector and Respondent. | A171324<br><br>(Contra Costa County<br>Super. Ct. No. MSP20-00388) |

Respondent Marcus Alders (Marcus) filed a will contest after the death of his father, Peter Alders (Peter),[1] against appellant Young Hee Lee, the will's proponent and Peter's widow.  Early in discovery, Lee served requests for admissions (RFA) regarding numerous matters at issue in the will contest, which Marcus unqualifiedly denied.

After Lee was granted summary judgment as to six of the seven claims and prevailed at trial on the remaining claim, she sought attorney fees pursuant to Code of Civil Procedure[2] section 2033.420, subdivision (a), for the

---

[1] Meaning no disrespect, we refer to Marcus and Peter by their first names to avoid confusion.

[2] All further undesignated statutory references are to the Code of Civil Procedure.

1

costs of proving matters that Marcus denied in response to the RFAs. Lee appeals the trial court's denial of the motion for fees. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

The following events took place in 2020.

Peter and Lee had been dating for approximately two years before they married in January. Peter had an adult child, Marcus, from a previous relationship, who worked with Peter at their family-owned machine shop in Oakland. Lee had a daughter from a prior relationship, Taein Park.

The next month, February, Peter executed a will leaving the bulk of his estate to Lee, if she survived him; otherwise, those assets were to be equally divided between his son (Marcus) and her daughter (Park). The only exception was Peter's interest in the machine shop business, which he left to Marcus. The will was signed by Peter and witnessed by Park and her husband.

Peter died in March. The following month, Lee and Marcus filed dueling probate petitions. Lee's probate petition was filed pursuant to the will, which she sought to have admitted to probate. Marcus's probate petition sought to have Peter's estate administered as an intestate estate without a will.

*Will Contest*

In August, Marcus filed a petition to contest the will (will contest). The will contest contained seven causes of action: (1) invalidity of the will based on undue influence; (2) invalidity of the will based on forgery; (3) financial elder abuse based on unauthorized transactions prior to Peter's death; (4) financial elder abuse based on unauthorized transactions after Peter's death; (5) invalidity of the will based on financial elder abuse;

2

(6) disinheritance pursuant to Probate Code section 259; and (7) unjust enrichment.

*Requests for Admissions*

In November, Lee served RFAs on Marcus related to the claims in the will contest. The RFAs were served as part of the initial rounds of discovery. On the same day the RFAs were served, Marcus took the deposition of Allen Kim, the attorney who drafted the will. No other depositions had been taken at that time.

At issue in this case are the following 13 RFAs:

- No. 12: "Admit that LEE did not misappropriate PETER'S property";

- No. 13: "Admit that LEE did not assist in the misappropriation of PETER'S property";

- No. 14: "Admit that LEE did not appropriate PETER'S property for a wrongful use";

- No. 15: "Admit that LEE did not assist in the appropriation of PETER'S property for a wrongful use";

- No. 16: "Admit that LEE did not appropriate PETER'S property with the intent to defraud";

- No. 17: "Admit that LEE did not assist in the appropriation of PETER'S property with the intent to defraud";

- No. 18: "Admit that LEE did not defraud PETER";

- No. 19: "Admit that LEE did not assist anyone in defrauding PETER";

- No. 20: "Admit that LEE did not unduly influence PETER";

- No. 21: "Admit that LEE did not assist anyone in unduly influencing PETER";

3

– No. 24: "Admit that YOU [Marcus] have no personal knowledge regarding LEE'S alleged undue influence of PETER from January 2020 until PETER'S death on March 17, 2020";

– No. 28: "Admit that the WILL is valid"; and

– No. 29: "Admit that LEE did not cause PETER to execute the WILL."

In December, Marcus responded to the above RFAs with unqualified denials. At the time Marcus responded, no further depositions had been taken, although several additional witnesses were ultimately deposed, including Marcus and Park. In January 2021, on the same day as his own deposition (the second to take place), Marcus served amended verified responses but did not change his responses to any of the RFAs at issue here.

Lee did not file any motion to compel further responses from Marcus.

*Summary Judgment and Trial Proceedings*

In 2021, Lee moved for summary judgment on the will contest. The trial court granted summary judgment as to six of the seven causes of action, but denied summary judgment as to Marcus's claim to invalidate the will based on undue influence.

In 2023, the parties proceeded to trial on the undue influence claim. After Marcus completed his presentation of evidence, Lee moved for judgment pursuant to section 631.8 on the basis that Marcus failed to meet his burden of proof on the sole remaining claim. The trial court granted the motion and entered judgment in favor of Lee as to the entire will contest.

*Motion for Attorney Fees for Costs of Proof*

After trial, Lee filed a motion for attorney fees pursuant to section 2033.420 on the basis that Marcus's failure to admit the matters requested in the 13 RFAs was unjustifiable. Lee sought fees in the amount of $1,497,780.12, which she asserted were the attorney fees incurred in proving

4

the matters denied in the 13 RFAs, both in the successful motion for summary judgment and at trial. Lee argued each of the RFAs at issue concerned issues of substantial importance as they were "tailored to the (1) elements of and/or (2) legal conclusions required by the claims" in the will contest. Lee attached a declaration by her counsel in support of the motion, which contained as an exhibit hundreds of pages of partially redacted billing entries for work on her case. Marcus opposed the motion on the grounds that he had reasonable basis to believe he would prevail, the RFAs at issue pertained to legal elements of the causes of action and thus requested that he admit legal conclusions, and sought expenses were not reasonable. The court did not request any supplemental declaration or briefing.

In February 2024, the trial court denied Lee's motion for attorney fees. The court first concluded that Lee was presumptively entitled to recover attorney fees under section 2033.420 because the 13 RFAs were directed at issues decided in Lee's favor either at the summary judgment or trial phase, and Marcus did not have reasonable ground to believe he would prevail in his will contest. The court further rejected Marcus's assertion that the RFAs were deficient on the basis that they required a legal conclusion as he failed to object to the RFAs on that basis and, even if he had, the court would have overruled them because "[o]bjections that the RFAs pertain to the legal elements of a particular cause of action . . . are entirely improper."

However, the court denied the motion on the ground that Lee failed to prove the requested fees were reasonable and incurred in connection with proving the RFAs to be true. The court found the attorney fees Lee sought to recover were not solely for proving the truth of the 13 RFAs that were denied, but rather were for "general trial preparation," which it concluded was not permissible for purposes of a section 2033.420 motion, citing *Garcia v. Hyster*

5

*Co.* (1994) 28 Cal.App.4th 724 (*Garcia*). The court noted some of the invoices attached to Lee's counsel's declaration sought fees related to weekly trial team meetings, which were "clearly for trial preparation," and highlighted another entry for reviewing objections to discovery responses served by Marcus, which could not have been directed at any of the 13 unobjected-to RFAs at issue.

The court further found that counsel's declaration contained a narrative summary of the legal services provided to Lee from the date Marcus served his responses to the RFAs forward, with "very little effort to segregate any services rendered . . . for the purpose of proving that the RFAs were true." It also noted "[a] fee bill for nearly $1.5 million with no less than nine attorneys working on this case (at rates of no less than $555 per hour) and eight staff members (billing from $185 to $440 per hour)" on matters that were not novel or difficult was facially excessive, and stated the sheer number of people involved begged the question of how each person contributed to the proof of the RFAs. The court concluded it was impossible to determine, on the record before it, which fees were specifically for proving the RFAs. Lee appealed.

### DISCUSSION

Lee challenges the trial court's denial of her section 2033.420 motion for attorney fees. We reverse.

In a civil action, a party may propound a written RFA regarding "the truth of specified matters of fact, opinion relating to fact, or application of law to fact." (§ 2033.010.) RFAs " ' " 'are primarily aimed at setting at rest a triable issue so that it will not have to be tried. . . . If the litigant is able to make the admission, the time for making it is during discovery' " ' and not at trial." (*Spahn v. Richards* (2021) 72 Cal.App.5th 208, 216 (*Spahn*).)

6

Pursuant to section 2033.420, "if 'the requesting party proves the truth of an RFA previously denied by the other party, the requesting party may move the court for an order requiring the other party pay the reasonable expenses incurred in making that proof, including reasonable attorney fees.' " (*Spahn*, *supra*, 72 Cal.App.5th at p. 216.) The court "shall make this order" unless it finds: " '(1) an objection was sustained to the request or a response was waived; (2) the admission sought was of no substantial importance; (3) there was reasonable ground to believe the party refusing to admit the matter would prevail on the matter; or (4) there was other good reason for the failure to admit.' " (§ 2033.420, subd. (b); *Spahn*, at p. 216.)

Therefore, unless the court finds one of those exceptions applies, the court cannot deny costs of proof required by section 2033.420. (See *Association for Los Angeles Deputy Sheriffs v. Macias* (2021) 63 Cal.App.5th 1007, 1031 (*Macias*).) However, "the court has the discretion to determine the amount of reasonable expenses, to receive further evidence should it choose to do so, and to exclude any claimed expenses to the extent they relate to issues outside the scope of the requests for admission." (*Ibid.*)

We review the denial of a motion for costs of proof for abuse of discretion. (*Macias*, *supra*, 63 Cal.App.5th at p. 1024.) "[O]ne way in which a court can abuse its discretion is to apply the wrong legal standard to the facts." (*Estate of Bodmann* (2025) 116 Cal.App.5th 401, 417.) Here, Lee argues the trial court abused its discretion by applying the wrong legal standard when it determined she was not entitled to recover any attorney fees. As the trial court does not appear to have applied the correct legal standard, we shall reverse.

Specifically, the court found Lee was entitled to recover the costs of proving the matters denied in the 13 RFAs at issue, and it further found none

7

of the exceptions in section 2033.420, subdivision (b) applied. However, it denied *all* the attorney fees sought in the motion on the basis that Lee's request did "not seek to recover fees solely for proving the truth of the RFAs that were denied by Marcus, but rather were for general trial preparation."

In reaching that conclusion, the trial court relied on *Garcia, supra*, 28 Cal.App.4th at page 737, to stand for the proposition that "[f]ees incurred for general trial preparation are not allowed" under section 2033.420. In *Garcia*, the appellate court reversed an order granting all the attorney fees sought in the defendant's motion for costs of proof[3] and remanded for redetermination of the costs and fees. (*Garcia,* at pp. 737–738.) There were multiple bases for remanding in *Garcia*, but none of them was a blanket rule that a party cannot recover fees related to trial preparation. (Cf. *id.* at pp. 736–738.)

Rather, in the portion of *Garcia* on which the trial court here appears to have relied, the appellate court concluded the trial court abused its discretion by awarding defendant "everything it asked for" in its motion, which sought costs that "likely" included time spent on preparing to prove at trial "issues [that] were completely outside the scope of the request for admissions." (*Garcia, supra*, 28 Cal.App.4th at pp. 736–737.) *Garcia* explained that the statute authorizes a party to recover only those expenses incurred in proving matters denied in the RFAs, but neither the motion for costs nor the lower court's order "reflect[ed] that any consideration was given to the fact that [the defendant]'s trial preparation might extend beyond those areas covered in the request for admissions."[4] (*Id.* at p. 737.)

---

[3] *Garcia* involved a motion for costs of proof under former section 2033, subdivision (*o*), before it was recodified under section 2033.420. (See *Garcia, supra*, 28 Cal.App.4th at pp. 733–734.)

[4] Although not relevant for our purposes, the *Garcia* court also reversed because the motion sought expenses incurred before the response to the RFAs

8

Thus, *Garcia* stands for the proposition that costs for trial preparation that are not related to the scope of the RFAs are not recoverable under section 2033.420. (*Garcia*, *supra*, 28 Cal.App.4th at pp. 736–737.) Therefore, to the extent "general trial preparation" does not go to proving up denied RFAs, such expenses must be excluded from an award of costs under the statute. But *Garcia* never used the terminology "general trial preparation," and we do not read it to mean that trial preparation expenses are categorically excluded from recovery under section 2033.420. Rather, trial preparation expenses related to proving matters that were denied in response to an RFA are recoverable. (See, e.g., Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2025) ¶ 8:1405.4 ["Of course, [trial] preparation expenses may be recoverable when the party ultimately proves the truth of the matter—e.g., at trial."].)

It is worth noting that *Garcia* found an abuse of discretion where the court awarded *all* fees because they *might* include unrelated trial preparation. (*Garcia*, *supra*, 28 Cal.App.4th at p. 737.) Here, too, it would have been an abuse of discretion to grant Lee "everything [she] asked for" without considering whether Lee's "trial preparation might extend beyond those areas covered" in the RFAs. (*Ibid.*) However, doing the inverse— denying all the expenses sought because some of them apparently included unrelated trial preparation costs—does not preclude a finding of an abuse of discretion.

While the record before us is not crystal clear, it appears the trial court denied the motion on the basis that section 2033.420 prohibits the award of

---

was served, which was outside the statutory timeframe for recoverable costs, and because counsel failed to set out his hourly fee or any accounting of time spent on the case. (*Garcia*, *supra*, 28 Cal.App.4th at pp. 736–737.)

*any* trial preparation expenses, an incorrect application of the law. The only reasoning provided by the court was: (1) two categories of expenses sought, "weekly 'trial team' meetings" and objections to discovery responses, were for "general trial preparation"; and (2) counsel's declaration in support of the motion did not include enough detail to allow the court "to determine what fees were specifically incurred for the purpose of proving the RFAs to be true and what was incurred as trial preparation." As to the first, the court pointed to two categories of fees unrelated to proving the RFAs as evidence that all the requested fees were likewise unrelated to such proof. As to the second, given the language used, we have no confidence that the court did not exclude all trial preparation expenses as inherently disallowed by statute.

We are therefore unconvinced that the trial court applied the correct legal standard when denying Lee's motion, and we cannot find that the court properly exercised its discretion in denying the motion. (See *Estate of Bodmann*, *supra*, 116 Cal.App.5th at p. 417 [applying wrong legal standard to the facts is abuse of discretion].) Accordingly, remand is appropriate for the trial court to determine, in its discretion and under the correct legal standard, the amount of reasonable expenses incurred by Lee to prove matters denied in the RFAs underlying her motion.[5] (§ 2033.420; *Macias*, *supra*, 63 Cal.App.5th at p. 1031 [court has discretion to determine reasonable expenses, receive further evidence, and exclude any costs related to issues outside the scope of the RFAs, but "[w]hat it cannot do is deny costs of proof that are mandated by statute"].) We provide the following guidance to the trial court in making that determination.

---

[5] As we reverse on the ground that the court must apply the correct legal standard, we need not, and do not, reach Lee's alternative argument that the trial court abused its discretion by mischaracterizing the fees sought in the motion.

10

First, in accordance with *Garcia,* the trial court should exclude any expenses (including for trial preparation) related to matters "beyond those areas covered in the [RFAs]." (*Garcia, supra,* 28 Cal.App.4th at pp. 736–737; *Macias, supra,* 63 Cal.App.5th at p. 1031.) We leave this assessment to the trial court to make on remand under the correct legal standard, but, as previously suggested, we find reasonable its conclusion that the two categories of entries identified in its order ("weekly 'trial team' meetings" and objections to discovery responses) are "not directed at proving the truth of any of the RFAs." We express no opinion as to what portion of the fees sought in the motion—if any—were properly tied to proving matters denied in the RFAs, and the trial court retains full discretion to disregard as much of the sought expenses as it finds are not sufficiently tied to proving an RFA.

Second, the court must exercise its discretion to determine what "*reasonable* expenses," including "*reasonable* attorney's fees," (§ 2033.420, subd. (a), italics added) are appropriate. (*Macias, supra,* 63 Cal.App.5th at p. 1031.) We note the trial court stated in its order that the fee bill for nearly $1.5 million was facially excessive, and we leave it to the court's sound discretion to determine what costs are reasonable under the facts of this case. We also note that, if the court chooses to do so, it may receive further evidence to assist in making that assessment. (*Ibid.*)

Finally, we recommend the trial court keep in mind two cases by Division Two of this court, *Pappas v. Chang* (2022) 75 Cal.App.5th 975 (*Pappas*) and *Universal Home Improvement, Inc. v. Robertson* (2020) 51 Cal.App.5th 116 (*Universal Home*), in determining whether Lee should be able to recover costs related to RFAs that "went 'to the ultimate issue[s] in the case' " regarding elder abuse, forgery, and undue influence, and were served very early in the litigation. (*Pappas,* at p. 994).

11

In *Pappas*, our colleagues affirmed the denial of a section 2033.420 motion "where the requests for admissions were served very early in the case and essentially asked [plaintiff] to admit she could not prevail at trial, with her denials then used to justify [defendant]'s claim to costs of proof fees after prevailing at trial." (*Pappas*, *supra*, 75 Cal.App.5th at p. 994.)  The *Pappas* court noted that *Universal Home* cautioned there were limits to the costs recoverable under section 2033.420 under such circumstances: " 'Frankly, we are troubled that a defendant can at the very inception of litigation, at a time when, as best we can tell, no discovery had taken place, and certainly no deposition, serve [requests for admissions] essentially seeking responses admitting that plaintiff had no case, and then, if plaintiff ultimately proves unsuccessful, recover costs of proof attorney fees, as here.' " (*Pappas*, at p. 994, quoting *Universal Home*, *supra*, 51 Cal.App.5th at p. 130.)

Given the timing of the RFAs in this case—only three months after the will contest was filed and on the day of the very first deposition to take place—we share the concerns articulated by our colleagues in *Pappas* and *Universal Home*.  Further, although Lee asserts in a supplemental letter brief that those cases are distinguishable on the basis that the RFAs here "were narrowly targeted to discrete, objective facts and foundational sub-elements,"—and we agree not all involved ultimate issues in the case—we note (without deciding) that at least two of the RFAs underlying the section 2033.420 motion apparently concerned ultimate issues.[6]  Specifically, RFA No. 18 asked Marcus to admit Lee did not defraud Peter, and RFA No. 20 asked Marcus to admit Lee did not unduly influence Peter.  Contrary to Lee's

---

[6] We invited Lee to file a letter brief (Gov. Code, § 68081) addressing whether the denial of her motion for attorney fees should be affirmed on the basis that the RFAs went to ultimate issues in the case.  Lee filed a letter brief, but did not address RFA Nos. 18 and 20.

12

assertion, these RFAs did not "target[] specific facts" but rather ultimate legal questions of undue influence—which was the entire claim on which the parties went to trial—and fraud.

Indeed, Lee previously acknowledged in her opening brief that the RFAs in this case "ask[ed] [Marcus] to admit, in essence, that he had no basis for any of the seven claims asserted in the will contest." On remand, the trial court can and should limit the fees recoverable to the extent the RFAs concerned ultimate legal issues and merely asked Marcus to admit at the very beginning of the proceedings he had no case at trial, the exact type of RFAs that troubled the courts in *Pappas* and *Universal Home*. (See *Pappas*, *supra*, 75 Cal.App.5th at p. 994; *Universal Home*, *supra*, 51 Cal.App.5th at p. 130.)

In sum, we reverse the court's order and remand for a redetermination of the reasonable expenses incurred in proving matters that are properly included in an RFA and were denied by Marcus, consistent with this opinion. (See *Macias*, *supra*, 63 Cal.App.5th at p. 1031; *Garcia*, *supra*, 28 Cal.App.4th at p. 735 [RFAs may include opinions, facts, and application of law to facts].)

## DISPOSITION

The order denying Lee's section 2033.420 motion for costs is reversed. The matter is remanded for the trial court to redetermine, in its discretion, what reasonable expenses were incurred in proving matters denied in properly propounded RFAs. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3), (5).)

PETROU, J.

WE CONCUR:

TUCHER, P. J.

RODRÍGUEZ, J.

A171324 / *Estate of Peter Alders*

14